# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M Company,<br><br>    Plaintiff,<br><br>  v.<br><br>APO Health, Inc. (d/b/a Universal Medical Distributors), and Universal Medical Distributors International, Ltd., (d/b/a Universal Medical Distributors),<br><br>    Defendants. | Case No: 11-CV-02120 (SRN/FLN)<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING 3M COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST APO HEALTH, INC. AND UNIVERSAL MEDICAL DISTRIBUTORS INTERNATIONAL, LTD.** |

This matter came before the Court on the Motion for Default Judgment [Doc. No. 35] brought by Plaintiff against Defendants APO Health, Inc. ("APO") and Universal Medical Distributors International, Ltd. ("UMDI"). Having carefully considered the Motion, and all the files, records, and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Summons and Complaint were filed with the Court on July 28, 2011. Service was accomplished upon APO on August 1, 2011 and upon UMDI on August 1, 2011 and August 30, 2011. (Executed Summons [Doc. Nos. 3 & 9].)

2. Plaintiff has settled all claims against former Defendants Kenneth R. Leventhal and Universal Medsurg Supplies, Inc.

3. Former Defendants Kenneth R. Leventhal and Universal Medsurg Supplies, Inc. have settled all claims against Plaintiff.

4. Former Defendants Kenneth R. Leventhal and Universal Medsurg Supplies, Inc. deny all wrongdoing alleged in the Complaint and do not admit any liability or responsibility to Plaintiff.

5. Defendants APO and UMDI failed to plead or otherwise defend in this action (Aff. of Matthew J. McClenahan ¶ 5 [Doc. No. 38]), resulting in the Clerk's Entry of Default against them entered January 30, 2012. (Entry of Default [Doc. No. 21].)

6. Plaintiff 3M Company ("3M") is a manufacturer of industrial, medical and consumer products whose global operations are headquartered in Maplewood, Minnesota. 3M sells its products through distributor agreements with authorized distributors worldwide.

7. APO and UMDI acted through themselves and other Defendants as authorized distributors of 3M products between approximately 1997 and February 10, 2011.

8. 3M's distributor agreement with Defendants APO and UMDI required each distributor to provide 3M monthly point-of-sale reports ("POS Reports") itemizing sales of 3M products made by the distributor during the preceding month. A distributor could then claim rebates for products sold to certain end-users identified under a 3M National or Local Agreement.

9. The distribution agreement required distributors to provide accurate and truthful information regarding a distributor's sales and requested rebates.

10. Defendants APO and UMDI submitted false information to 3M on their POS Reports for the purposes of obtaining millions of dollars in rebates from 3M to which they were not entitled.

11. 3M terminated its distribution agreement with Defendants APO and UMDI on February 14, 2011 as a result of finding that Defendants had been submitting false POS Reports in order to receive rebate payments from 3M that were not owed.

12. 3M terminated its distribution agreement with Defendants APO and UMDI on February 14, 2011 as a result of its findings.

13. Defendants APO and UMDI submitted hundreds of false statements to 3M for the purpose of defrauding 3M and, as a result, were paid a total sum of $3,172,224 to which they were not entitled.

## CONCLUSIONS OF LAW

1. Defendants APO and UMDI are in default, and Plaintiff is entitled to Entry of Default Judgment.

2. Defendants APO and UMDI were part of a Racketeer Influenced and Corrupt Organization ("RICO") enterprise under 18 U.S.C.§§ 1961(3) and 1962(c), the purpose of which was to submit false rebate reports and to collect unearned rebates from 3M.

3. Defendants APO and UMDI are liable to Plaintiff for all rebate monies

wrongfully paid to APO and UMDI based on their fraudulent representations to Plaintiff, for administrative fees paid by Plaintiff to Group Purchasing Organizations in reliance upon the fraudulently reported sales by Defendants' RICO enterprise, for treble damages under RICO, and for reasonable attorneys' fees and costs incurred as a result of this litigation.

4. Defendants APO and UMDI are liable to Plaintiff in the amount of $3,172,224 for rebates they received, but to which they were not entitled. (Affidavit of Shawn Mothershead ¶ 9 [Doc. No. 39].)

5. Defendants APO and UMDI are liable to Plaintiff in the amount of $50,067 for administrative fees Plaintiff paid to Group Purchasing Organizations in reliance on the fraudulently reported sales by the RICO enterprise. (Id.)

6. Defendants APO and UMDI are liable to Plaintiff in the amount of $96,662.35 resulting from Defendants' failure to pay invoices for product sold and delivered. (Id. ¶ 10.)

7. Defendants APO and UMDI are liable to Plaintiff in the amount of $117,160.76 for their costs and reasonable attorneys' fees, pursuant to 18 U.S.C. §1964(c). (Id.¶ 9.)

8. Pursuant to 18 U.S.C. §1964(c), "Any person injured in his business or property by reason of a violation of section 1962 of this chapter [the RICO statute] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee. . . ." 18

U.S.C. § 1964(c). Pursuant to this provision, Defendants APO and UMDI are liable to Plaintiff for the rebates ($3,172,224.00) and administrative fees ($50,067.00), resulting in trebled damages of $ 9,666,873. 00.

## ORDER

IT IS ORDERED:

1. That Plaintiff's Amended Motion for Entry of Default Judgment Against APO Health, Inc. and Universal Medical Distributors International, Ltd. [Doc. No. 35] is **GRANTED**;

2. Defendants APO Health, Inc. and Universal Medical Distributors International, Ltd. are liable in the following amounts:

   (a) $9,666,873.00 for damages related to rebates fraudulently collected by Defendants APO and UMDI,

   (b) $96,662.35 for unpaid invoices; and

   (c) $117,160 for costs and reasonable attorneys' fees.

3. This Order shall have no force or effect on former Defendants Kenneth R. Leventhal and Universal Medsurg Supplies, Inc.

4. **Judgment shall be entered accordingly.**


Date:  November 19, 2012                    s/Susan Richard Nelson
                                            Susan Richard Nelson
                                            United States District Court Judge